UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCE DENO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 22-cv-00513-JD<br><br>**ORDER RE MOTION TO DISMISS** |

This insurance coverage dispute arises from a July 2020 fire that is said to have severely damaged a historic San Francisco home owned by plaintiffs Vince Deno and Carla Deno. Dkt. No. 1 ¶¶ 17, 19. The Denos says that State Farm General Insurance Company and State Farm Mutual Automobile Insurance (State Farm) declined to pay the full amount of the Denos' homeowners' insurance policy and refused to cover their additional living expenses under the policy limits. *Id.* ¶¶ 20-32. The complaint alleges claims for: (i) breach of contract; (ii) breach of the implied covenant of good faith and fair dealing; (iii) violation of California's Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*; (iv) fraud; (v) negligent misrepresentation; and (vi) promissory estoppel. State Farm asks to dismiss State Farm Mutual Automobile Insurance (State Farm Auto) on the grounds that State Farm Auto is not a party to the Denos' policy. Dkt. No. 11 at 5-7. State Farm also asks to dismiss the UCL, fraud, and negligent misrepresentation claims under Federal Rules of Civil Procedure 12(b)(6) and 9(b). *Id.* at 8-11. The parties' familiarity with the record is assumed, and the motion to dismiss is denied in all respects.

Rule 12(b)(6) is governed by well-established standards. *See McLellan v. Fitbit, Inc.*, No. 3:16-CV-00036-JD, 2018 WL 2688781, at *1 (N.D. Cal. June 5, 2018). To meet the requirements of Rule 8(a) and Rule 12(b)(6), a complaint must present "a short and plain statement of the claim

showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), on the basis of plausible and non-conclusory allegations of facts, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Because some of the claims here sound in fraud, Rule 9(b) also applies. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A "pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (internal quotation and citation omitted); *see also McLellan*, 2018 WL 2688781, at *1. Conclusory allegations with no "particularized supporting detail" are not sufficient. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016); *McLellan*, 2018 WL 2688781, at *1.

## I.   CLAIMS AGAINST STATE FARM AUTO

State Farm says that State Farm Auto should be dismissed because it was not a party to the Denos' insurance policy, and the complaint does not plausibly allege alter-ego liability. Dkt. No. 11 at 5-7. The complaint alleges that State Farm Auto is the parent of State Farm General, that "each was the alter-ego of the other," and that the State Farm entities jointly issued a homeowners' policy to the Denos. Dkt. No. 1 ¶¶ 6-7, 10, 18. The Denos did not attach the homeowners' policy to their complaint.

State Farm Auto will not be dismissed at this stage of the case. A motion to dismiss under Rule 12(b)(6) is directed to the adequacy of the complaint as it is pleaded. It is rarely appropriate to venture beyond what is alleged in or attached to the complaint itself. *See, e.g.*, *Perez v. Mortg. Elec. Registration Sys., Inc.*, No. 3:17-cv-04880-JD, 2018 WL 3109599, at *1 (N.D. Cal. June 25, 2018), *aff'd*, 959 F.3d 334 (9th Cir. 2020); *Heidingsfelder v. Ameriprise Auto & Home Ins.*, No.

19-cv-08255-JD, 2020 WL 5702111, at *4 (N.D. Cal. Sept. 24, 2020). State Farm relies on facts outside the complaint. *See, e.g.,* Dkt. No. 11 at 5 ("[T]he separate corporate existence of State Farm General Insurance Company and State Farm Mutual Insurance Company is subject to judicial notice by reference to records on file with the California Secretary of State."); *id.* at 7 ("It is undisputed that Plaintiffs did not contract with State Farm Mutual Auto. The Policy was issued by State Farm General."); Dkt. No. 23 at 2 ("The Policy Declarations page only includes one State Farm entity -- State Farm General insurance Company.").

This is not suited to a Rule 12(b)(6) motion, but the contention may be renewed down the line as circumstances warrant. The request for judicial notice, Dkt. No. 11-1, is denied. The Court did not consider those materials.

## II.   UCL CLAIM

The UCL claim will go forward. The UCL defines "unfair competition" to include "any 'unlawful, unfair, or fraudulent business act or practice." *Rosell v. Wells Fargo Bank, N.A.*, No. 12-cv-06321-JD, 2014 WL 4063050, at *5 (N.D. Cal. Aug. 15, 2014) (quoting Cal. Bus. & Prof. Code § 17200). The statute's "coverage is sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 539 (Cal. 1999) (quotation and citation omitted). "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Id.* at 539-40 (quotation and citation omitted). Consequently, "[c]onduct that is independently actionable under some other law can form the basis of a UCL claim." *Jones v. Progressive Casualty Ins. Co.*, No. 16-cv-06941-JD, 2018 WL 4521919, at *3 (N.D. Cal. Sept. 19, 2018). The Denos' UCL claim is predicated on their breach of contract, breach of implied warranty, fraud, and negligent misrepresentation claims that State Farm promised certain coverages under their homeowners' insurance policy but "in fact had no intention of paying these amounts in this and other similar loss events in California." Dkt. No. 1 ¶ 51. "That is enough under the UCL." *Jones*, 2018 WL 4521919, at *4.

State Farm's arguments under the Unfair Insurance Practices Act (UIPA), Cal. Ins. Code §

3

790.03, do not point to a different conclusion. *See* Dkt. No. 11 at 8. The UIPA defines a number of unfair methods of competition and unfair and deceptive acts or practices in the business of insurance. The statute does not grant a private right to sue, and the California Supreme Court has cautioned against UIPA claims dressed in other robes. *See Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 758 P.2d 58, 68 (Cal. 1988); *Zhang v. Super. Ct.*, 304 P.3d 163, 166 (Cal. 2013). Nevertheless, claims "premised on fraud, breach of contract and breach of the implied covenant of good faith and fair dealing" may proceed under the UCL even if the "alleged conduct also may have violated the [UIPA]." *Diaz v. First Am. Home Buyers Prot. Corp.*, 541 F. App'x 773, 775 (9th Cir. 2013) (citing *Zhang*, 304 P.3d at 177). The Denos' UCL claim fits comfortably within these parameters. *See* Dkt. No. 1 ¶ 51; *Jones*, 2018 WL 4521919, at *4.

State Farm also says that the UCL claim must fail because the Denos do not seek equitable relief. Dkt. No. 11 at 8-9. It is true that UCL remedies "are generally limited to injunctive relief and restitution." *Sharpe v. Puritan's Pride, Inc.*, 466 F. Supp. 3d 1066, 1071 (N.D. Cal. 2020) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 943 (Cal. 2003)). But State Farm points to no California or federal law that prohibits a plaintiff from pursuing equitable claims in the alternative to legal remedies at the pleadings stage. Dkt. No. 11 at 8-9. In any event, the complaint's prayer for relief expressly seeks restitution, and the policy premiums the Denos paid to State Farm are recoverable under the UCL. *See* Dkt. No. 1 at 19, ¶ 52; *Sharpe*, 466 F. Supp. 3d. at 1071 ("The Court 'may make such orders or judgments … as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.'") (quoting Cal. Bus. & Prof. Code § 17203).

### III.  FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS

The fraud and negligent misrepresentation claims will also go forward. State Farm argues that the complaint does not sufficiently allege intent for the fraud claim. Dkt. No. 11 at 10. It adds that, because the Denos allege fraud based on a false promise, they are precluded from claiming that the same promise was a negligent misrepresentation. *Id.* at 11.

These points are not well taken. To start, Rule 8(d) expressly permits the Denos to plead alternative and/or inconsistent theories of liability. Fed. R. Civ. P. 8(d)(2), (3). Moreover, the

4

complaint plausibly pleads intent for both claims.

The elements of fraud under California law are (1) a misrepresentation (i.e., a false representation, concealment, or nondisclosure), (2) scienter or knowledge of its falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damage. *Lazar v. Super. Ct.*, 909 P.2d 981, 984 (Cal. 1996); *see also* Cal. Civ. Code § 1709. Negligent misrepresentation requires (1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damage. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*, 89 Cal. Rptr. 3d 473, 483 (Cal. Ct. App. 2009). Rule 9(b) provides that allegations of "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also Ashcroft*, 556 U.S. at 686-87.

The complaint clearly sets out the who, what, where, when, and how of the alleged fraud and negligent misrepresentation. It alleges that the Denos were advised by State Farm's agent, Casey Pughe, that under the additional living expenses benefits in their insurance policy, they could purchase a new home and be reimbursed at the full fair market rental value of their fire-damaged home (approximately $60,000 per month) for the period of the restoration, and that the reimbursement could be put toward the purchase of a new home. Dkt. No. 1 ¶¶ 55, 58. The complaint says the Denos reasonably relied on Pughe's statements, purchased a house, and were injured when State Farm paid only the fair market rental value of the new home (just $3,300 per month). *Id.* ¶¶ 56-57, 59.

As for scienter and intent, the complaint says "State Farm knew or should have known that the coverage position represented by Mr. Pughe was false and/or misleading, that the Denos would reasonably rely on those misrepresentations and that State Farm would repudiate that coverage position after the Denos purchased their new property. State Farm intended for the Denos to rely on these misrepresentations in an effort to avoid paying the approximately $60,000 of monthly ALE benefits to which the Denos were otherwise entitled under the Policy." *Id.* ¶ 58. It further alleges that "State Farm's conduct was implemented with the intent to deceive [the Denos] and was done in a conscious disregard of [the Denos'] rights." *Id.* ¶ 60. For the negligent

5

1  misrepresentation claim, the complaint repeats the same factual allegations and adds that "[w]hen
2  State Farm made these representations to the Denos, they intended the Denos to rely upon them
3  and the Denos did rely upon them to their detriment" and that "State Farm had no reasonable basis
4  for believing that its representations regarding the Denos ALE coverage was true and/or would be
5  adhered to by State Farm." *Id.* ¶ 66.  The scienter and intent allegations satisfy Rule 9(b) and are
6  plausible in light of the other allegations that State Farm's business model creates incentives to
7  minimize and underpay homeowners' insurance claims. *Id.* ¶¶ 13-16.

8        The complaint provides State Farm with ample "notice of the particular misconduct which
9  is alleged to constitute the fraud charged so that they can defend against the charge and not just
10 deny that they have done anything wrong." *McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022, 1039
11 (N.D. Cal. 2019) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).  That is
12 all that Rule 9(b) requires.  *Id.* (citing *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 990 (9th
13 Cir. 2008)); *see also McLellan*, 2018 WL 2688781, at *1 ("The touchstone of Rule 9(b) is
14 notice.").

## IV.  PUNITIVE DAMAGES

16       State Farm's last argument is that the Denos have not alleged the necessary elements for
17 punitive damages.  *See* Dkt. No. 11 at 11-17.  Punitive damages are a remedy, and the question is
18 deferred until an adequate record is available to the Court with respect to the grounds for enhanced
19 damages.

20       **IT IS SO ORDERED.**

21 Dated: September 8, 2022

JAMES DONATO
United States District Judge